IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,649-01 AND WR-78,649-02






EX PARTE ELMER LEROY BLANKENSHIP, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. CR16,486A AND CF-09-718-A IN THE 276TH DISTRICT COURT


FROM CAMP AND TITUS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge
of attempted manufacture of a controlled substance from Camp County, and one charge of
possession of a controlled substance from Titus County, and was sentenced to five years'
imprisonment for each conviction. 

 Applicant contends that he was denied adequate notice that he would be considered for
release on mandatory supervision by the Texas Board of Pardons and Paroles under the
discretionary-mandatory-supervision statute, Tex. Gov't Code § 508.149.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit
addressing the issue of whether Applicant was provided adequate notice that he would be considered
for release to mandatory supervision.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was afforded adequate notice that he would be considered for release on mandatory supervision by
the Texas Board of Pardons and Paroles under the discretionary-mandatory-supervision statute. Ex
parte Retzlaff, 135 S.W.3d 45 (Tex. Crim. App. 2004). The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.

 

Filed: December 19, 2012

Do not publish